**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

```
--------------------------------------------------------
                                            :
COHEN DUNKLEY, an individual,               :
RICHARD D. STRONG, an individual, and       :
BERESFORD A. SMITH, an individual,          :
                                            :
                                            :
                 Plaintiffs,                :          Civ. No. 06-5762 (DRD)
          v.                                :
                                            :          **O P I N I O N**
                                            :
                                            :
RUTGERS, the State University of New        :
Jersey; an Instrumentality of the State of New :
Jersey; et al.,                             :
                 Defendants.                :
--------------------------------------------------------
```

Michael A. Nelson, Esq.
Michael A. Nelson, P.C.
65 South Street
Freehold, New Jersey 07728

*Attorney for Plaintiffs*

John J. Periano, Esq., Of Counsel
Michael O'Boldt, Esq., On the Brief
McElroy, Deutsch, Mulvaney & Carpenter, LLP
1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, New Jersey 07962-2075

*Attorneys for Defendants*

**<u>DEBEVOISE, Senior District Judge</u>**

**<u>Procedural History and Background</u>**

On November 30, 2006, Plaintiffs, Cohen Dunkley, Beresford Smith and Richard D.

Strong ("the Plaintiffs") filed a thirteen count complaint containing allegations of employment

-1-

discrimination against four separate defendants: Rutgers, the State University of New Jersey ("Rutgers"), Michael McKay, Patricia Stevenson, and Ana Verma ("Movants") (Complaint at 10-24). Plaintiffs hired an independent process server, Guaranteed Subpoena Service, Inc. ("GSSI"), to serve the defendants. Marian Zwyerzynski ("Zwyerzynski"), on behalf of GSSI, served four copies of the summons and complaint on December 19, 2006, on Martine Adams ("Adams") on the Rutgers campus at Winants Hall (Adams Aff[1]. at 2; Zwyerzynski Aff. at 2).

Rutgers filed an answer to Plaintiffs' complaint on February 23, 2007 (Answer at 21). Movants have not filed answers and have taken the position that service was not properly performed. Movants have filed the instant motion to quash service and dismiss the counts of the complaint lodged against each one of them.

A review of the affidavits filed by the respective parties indicates that Adams received the four packages containing the summons and complaint directed to all four defendants (Adams Aff. at 2; Zwyerzynski Aff. at 2). It is Movants' position, however, that service was ineffectual because Adams was not designated as an agent authorized by appointment or law to accept process for the individual defendants (M. Brief at 5).

## Discussion

### Standard for service of process pursuant to Federal Rule of Civil Procedure 4(e):

It is axiomatic that service of a summons must meet procedural requirements before a federal court can exercise personal jurisdiction over a defendant, Khorozian v. McCullough, 183 F.R.D. 325 (3d Cir. 1999).

The Federal Rules of Civil Procedure set forth four separate ways in which a Plaintiff

---

[1]Aff. refers to Affidavit.

may properly serve an opposing party. Rule 4(e) provides that "service upon an individual for whom a waiver has not been obtained and filed may be effected in any judicial district of the United States (1) pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of summons upon the defendant in an action brought in the courts of general jurisdiction of the State; or (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process."

New Jersey Court Rule 4:4-4, which sets forth the state guideline regarding service of process, mirrors the Federal Rules by permitting "delivery [of] a copy thereof to a person authorized by appointment or by law to receive service of process on the individual's behalf." N.J. Ct. R. 4:4-4(a).

## Application to Quash Service of Process

It is undisputed that the first two methods for service of process under Rule 4(e)(2) are a non-issue in the present matter. Zwyerzynski did not serve any of the Movants personally. Additionally, "a [movant's] place of employment does not qualify under the dwelling house or usual place of abode method". Gipson v. Township of Bass River, 82 F.R.D. 122, 125 (3d Cir. 1979) *citing* Bass v. Hosse, 31 F.R.D. 181 (D. Tenn. 1962).

At issue, therefore, is whether Adams, upon receiving process from Zwyerzynski, met the requirements of FRCP 4(e)(2) by acting as "an agent authorized by appointment or law" to accept service on behalf of the Movants.

Movants contend that Adams was not "authorized by appointment or law" to accept service of process on behalf of Movants. Movants cite <u>Gipson</u>, 82 F.R.D. 122 (3d Cir. 1979), and <u>Local 617, Int'l Brotherhood of Teamsters, v. Hudson Bergen Trucking Co.,</u> 182 N.J. Super. 16, (App. Div. 1981), to support their argument that Adams failed to receive "an actual appointment for the specific purpose of receiving process" from the Movants themselves (M. Brief at 5).

An "agent authorized by appointment or law has been defined as an agent expressly or impliedly appointed by the [Movants to receive service of process]." <u>Local 617</u>, 182 N.J. Super. 16, 19 (App. Div. 1981). Cases which involve an agency by appointment for service of process normally require an "actual appointment for the specific purpose of receiving process." <u>Id</u>. at 20.

When determining whether an "actual appointment for the specific purpose of receiving process" existed  courts will generally "look to the circumstances of the agency relationship, and although authority to accept process need not be explicit, it must be either *expressed* or *implied* from the type of relationship between the [Movants] and the alleged agent. Additionally, there must be evidence that [Movants] intended to confer such authority upon the agent. The requisite intent may be implied from . . . the *circumstances surrounding the service upon the agent*." (Italics) <u>Local 617</u>, 182 N.J. Super 16 (N.J. App. Div. 1981) *citing* 21 Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1097, 1101.

"The burden remains on the plaintiff to prove that an agency relationship existed between the [Movants] and [Adams]." <u>Id</u>. At 20.

There is nothing in the record that reflects that Movants, themselves, expressly designated Adams to serve as their agent for acceptance of process. Plaintiffs rely on the circumstances that Adams was the proper person to accept service on behalf of the Movants in this matter.

-4-

Plaintiffs rely on past practices to establish authorization. Zwyerzynski has been an employee of GSSI since 1999 and regularly effected service of process at the Rutgers campus since 2003 (Zwyerzynski Aff. at 1). During Zwyerzynski's first visit to Rutgers in 2003, he was instructed by the legal department that service of process on Rutgers, as well as on its employees, was to be directed to Elizabeth Pierce ("Pierce"). Zwyerzynski stated that Pierce would accept service for Rutgers as well as its employees, so long it related to Rutgers activities. Personal matters of the employees was not to be directed to Pierce, but would properly be served at the employees dwelling house or usual place of abode (Zwyerzynski Aff. at 2).

In late 2006, Zwyerzynski was instructed by Pierce that she would no longer be accepting service for Rutgers or its employees, and all matters should be forwarded to Adams, who was located next door at Winants Hall (Zwyerzynski Aff. at 2; Adams Aff. at 2). Ever since, Zwyerzynski has effected service of process on Adams. On December 19, 2006, Zwyerzynski served Adams with the four summonses mentioned above. Adams accepted the four summonses and Zwyerzynski filed a Return of Service (M. Brief at Exhibits A through C) which was filed by Plaintiffs in late March 2007 (Zwyerzynski Aff. at 2; M. Brief at 3).

In early January, 2007, Plaintiffs' counsel was notified by Rutgers's counsel that service had been received, although Rutgers's counsel believed Movants should have been served at their dwelling house or place of abode (Nelson[2] Aff. at 1-2). Subsequent to Rutgers's counsel filing their Answer, they began representing the Movants (M. Brief at 1).

Adams has executed an affidavit stating that she has been employed as an administrative secretary in the Office of the Secretary of Rutgers for four years. For the past six months her job

_____

[2]Nelson refers to Plaintiffs' Counsel, Michael A. Nelson, P.C..

duties included receiving papers delivered to the Office of the Secretary. On December 19, 2006, she was handed four summonses in this action, each with an apparently identical thick package attached. She had a brief conversation with the man who delivered the papers who did not ask if she was authorized to accept service on behalf of the Movants and she did not tell him she was so authorized. Adams stated that she had no reason to believe that she was authorized to accept service on their behalf. She has never spoken to any of them and would not recognize them.

In review of past practices at Rutgers it was not unreasonable for the process server to believe that Adams had the authority to accept service of a summons and complaint on behalf of a Rutgers employee, just as Pierce had once been authorized to do. However, there is no evidence to show that the Movants authorized Adams to accept service of summons on their behalf. It is their authorization, not Rutgers's authorization, that is critical. Thus, there has been a failure to serve the summons and complaint upon the Movants.

It might be argued that even if Adams did not qualify as Movants' personal agent, the service should still be upheld as valid. In James v. Jersey City, 187 F.R.D. 512 (3d Cir. 1999), the district court ruled that although the Jersey City Police Department ("JCPD") was not authorized as an agent of the defendant to accept service of process, the defendant still received a copy of the summons and complaint and had been apprised as to the nature of the pending lawsuit.

Judge Walls, citing Mullane v. Central Hanover Bank and Trust Co., 339 U.S. 306 (1950), stated that ". . . [N]otice must be of such nature as reasonably to convey the required information, and it must afford a reasonable time for those interested to make their appearance . . . . [I]f with due regard for the practicalities and peculiarities of the case these conditions are

reasonable met the constitutional requirements are satisfied." <u>James</u>, 187 F.R.D. 512 (3d Cir. 1999) *citing* <u>Mullane</u>, 339 U.S. 306 (1950).

Judge Walls reasoned in <u>James</u> that the defect in service, namely leaving a copy of the summons and complaint with someone not authorized as defendant's agent, was "purely technical and did not prejudice [the defendant]." <u>Id.</u> at 517. Where the JCPD properly forwarded the copy of the summons and the complaint to the defendant, and he was aware of the lawsuit within the requisite time period, the technical flaw would not render plaintiff's service ineffective. <u>Id.</u> at 517.

The present matter is somewhat different from <u>James</u>. Adams, an agent for Rutgers, received service of process from Zwyerzynski on December 19, 2006. Rutgers's counsel, who is also presently representing Movants in the matter, apparently was not representing Movants at that time. Movants counsel informed Plaintiffs' counsel that the Movants were not served at their homes. There is no evidence that the summons and complaint had been forwarded to the Movants, although it must be assumed that they were apprised of the pending lawsuit. To ensure fairness, service within the strict parameters of the Rule must be effected. The circumstances, however, preclude dismissal and require that the Plaintiffs have an opportunity to complete service.

**<u>Standard for Dismissal Pursuant to Rule 4(m) and 12(b)(5)</u>**

Rule 4(m) defines the time limit that Plaintiffs face when attempting to serve their complaint upon the opposing parties. The Rule states that "[i]f service of the summons and complaint is not made upon a [movant] within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that [movant] or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period . . ."

Should a movant choose to bring a motion to dismiss the action for failure to properly serve process, they must do so under Rule 12(b)(5). Rule 12(b)(5) states that "[e]very defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the [movant] be made by motion: . . . (5) insufficiency of service of process".

Movants argue that since Plaintiffs failed to properly serve process upon them within the 120-day time limit and Plaintiffs have failed to show good cause for the delay, the court should use its broad discretion to dismiss the case.

In Petrucelli v. Bohringer and Ratzinger, GMBH, 46 F.3d 1298 (3d Cir. 1995), the Court of Appeals established a guideline for district courts when analyzing whether to dismiss a case pursuant to Rule 12(b)(5) and Rule 4(m) or to extend time for service for Plaintiffs. The district court must "first determine whether good cause exists for an extension of time. If good cause is present, the district court *must extend* time for service and the inquiry is ended. If, however, good cause does not exist, the court may *in its discretion*, decide whether to dismiss the case without prejudice *or* extend time for service, Id. at 1305 (emphasis added).

In determining whether good cause exists for the extension of time for service under Rule 4(m), district courts should consider the following: (1) the reasonableness of plaintiff's efforts to serve [movants] properly, (2) the prejudice to the defendant by lack of timely service, and (3) whether plaintiff moved for an enlargement of time to serve. Cunningham v. New Jersey, 230 F.R.D. 391, 393 (3d Cir. 2005), *citing* MCI Telecomm. Corp. v. Teleconcepts, Inc., 71 F.3d 1086 (3d Cir. 1995).

-8-

Good cause has been equated with the concept of "excusable neglect" as cited in Rule 6(b)(2). Rule 6(b)(2) requires "a demonstration of good faith on the part of the party seeking an enlargement and some *reasonable* basis for noncompliance within the time specified in the rules." MCI Telecomm. Corp., 71 F.3d 1086, 1097 (3d Cir. 1995). Courts have also noted that the expiration of the statute of limitations does not prohibit a district court from extending time for service of process. Id. at 1098. Plaintiffs acted reasonably and with good cause in their efforts to serve process upon Movants and by not seeking an enlargement of time to serve Movants. Zwyerzynski, a regular process server for matters involving Rutgers and its employees, delivered the summons to the Rutgers campus on Plaintiffs' behalf. (Zwyerzynski Aff. at 2).

Plaintiffs could reasonably have assumed, based on past practices that service was effective or, if not, that strict compliance with service requirements would be excused upon application of the James case. Plaintiffs could be excused from asking for an enlargement of time under these circumstances.

Movants would not be prejudiced by authorizing late service of process upon them. The purpose of notice is to "apprise the interested parties of the pendency of the action and afford them an opportunity to present their objections . . ." Mullane, 339 U.S. 306, 314 (1950). Movants must have been aware of the pendency of this action within the Rule 4(m) time period. Movants' counsel has already responded to Plaintiffs' Complaint pertaining to the fourth defendant, Rutgers, and the same counsel is now representing Movants.

Plaintiffs have shown good cause for failing to effect service within 120 days. Even if they had not, the court would exercise its discretion to extend the time to effect service. Dismissal might result in a statute of limitations problem, and even if it did not, it would be a foolish exercise to

-9-

dismiss the action against the Movants only to have Plaintiffs refile their complaint against them with the likelihood that the new action would be consolidated with this action.[3]

## Conclusion

In light of the foregoing, Movants' motion to quash service of the summons and complaint will be granted; Movants' motion to dismiss the complaint will be denied; and Plaintiffs shall have 30 days to effect personal service upon the individual defendants. Movants' counsel are directed, within 10 days, either to provide Plaintiffs' counsel with the home addresses of the Movants or to make the Movants available at their place of employment for the purpose of accepting service of the summons and complaint. The court will enter an order implementing this opinion.

 **/s/ Dickinson R. Debevoise**          
DICKINSON R. DEBEVOISE, U.S.S.D.J.

Dated:          July 11, 2007

---

[3]In the Court's opinion both sides have acted foolishly. Movants' attorneys should have advised them of the wisdom of authorizing Adams to accept service on their behalf. Plaintiffs' attorneys should have effected personal service when a question about the effectiveness of service on Adams was first suggested.